IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Trustgard Insurance Company, | ) | C/A No. 3:19-1910-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Eazy Towing Express, LLC; Anthony Hunter; and Erissen Davis, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO THE *PRO SE* DEFENDANTS**:

By order dated August 27, 2019 (ECF No. 15), the court directed *pro se* Defendants Anthony Hunter and Erissen Davis to file answers to the court's local interrogatories. See Local Civil Rule 26.01 (D.S.C.). The deadline for Hunter and Davis to comply with the court's order has passed and Hunter and Davis have failed to respond to the court's order. The court will provide Hunter and Davis one more opportunity to file answers to the court local interrogatories. **Failure to comply with this order may result in sanctions pursuant to Federal Rule of Civil Procedure 37. Defendants Anthony Hunter and Erissen Davis are directed to submit fully completed and signed answers to the court's interrogatories, which are attached to this order within fourteen (14) days from the date this order is entered (plus three days for mail time).**

**TO EAZY TOWING EXPRESS, LLC:**

By order dated August 27, 2019 (ECF No. 15), the court gave final notice to Defendant Eazy Towing Express, LLC ("Eazy Towing") that it cannot proceed without counsel because it is a corporate entity. The deadline for Eazy Towing to comply with the order has passed, and Easy towing has not responded to the court's order, the court has received no indication that Eazy Towing has retained counsel, and no attorney has appeared on Eazy Towing's behalf. **Consequently, Eazy Towing is in default.** See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.")

**TO THE CLERK OF COURT**:

The Office of the Clerk of Court is directed to mail a copy of this order and a copy of the court's Local Civil Rule 26.01 (D.S.C.) interrogatories, to Defendants Anthony Hunter and Erissen

Davis. The Clerk is directed to set a deadline for Hunter and Davis to comply with the order in accordance with this order, and to forward the case to the undersigned for review upon the passing of that deadline. The Clerk shall also mail a copy of this order to Defendant Eazy Towing Express, LLC.

The Clerk is further directed to enter default as to Defendant Eazy Towing Express, LLC pursuant to Federal Rule of Civil Procedure 55(a).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 17, 2019
Columbia, South Carolina

*Defendants' attention is directed to the important notice on the following page.*

**IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(filings made under seal) and (e) (protective orders).